### GONZALEZ v. SOCIEDAD MUTUALISTA PROTECTORA BENITO JUAREZ.

### No. 11818.

Court of Civil Appeals of Texas.
San Antonio.
April 21, 1948.

Rehearing Denied May 19, 1948.

Ronald Smallwood, of Harlingen, for appellant.

H. A. Garcia, of Brownsville, for appellee.

MURRAY, Justice.

This suit was instituted by Sociedad Mutualista Protectora Benito Juarez, an alleged corporation, against Jose Maria Gonzalez, seeking an injunction restraining defendant from in any manner interfering with plaintiff's property, being Lots Nos. 32 and 33 in Block "G" of the Potter & Watson Addition to the City of La Feria, Cameron County, Texas, together with the building thereon situated, and from in any manner interfering with plaintiff's possession, use and enjoyment thereof.

Upon a non-jury trial the injunction was granted as prayed for and Jose Maria Gonzalez has prosecuted this appeal.

Appellant first complains because he was not permitted, after the trial on the merits had begun, to file a trial amendment denying that appellee was a corporation, as alleged. The trial court did not abuse

his discretion in denying appellant the right to file this trial amendment. Rule 52, Texas Rules of Civil Procedure provides, in effect, an allegation that a party is a corporation shall be taken as true unless denied under oath by the adverse party. When both sides announced ready for trial, without the defendant having denied plaintiff's corporate existence, plaintiff had a right to presume that its allegation of its corporate existence would be taken as true, and was thus justified in not being prepared to establish such fact by legal evidence. The great benefits to be derived from the provisions of Rule 52, supra, would have been defeated if the filing of this trial amendment had been permitted. Appellant did not show any valid reason for waiting until after the trail had begun to deny the existence of a corporation.

Appellant next complains because, while the petition prayed "That defendant be permanently enjoined from in any manner interfering with plaintiff in the operation of its business and in the use and enjoyment of its property *so long as defendant is not a member in good standing of plaintiff corporation;* for costs of suit and for such other and further relief that in the Court's opinion plaintiff may be entitled to," (emphasis ours) the injunction granted by the court was not limited as only being effective *"so long as defendant is not a member in good standing of plaintiff corporation."* Appellant also contends that if the injunction had been so limited it would have been void and ineffective for uncertainty. We are of the opinion that the prayer was sufficient to support the judgment rendered. The evidence shows that the appellant had been a member in good standing of the society but had been dropped from its rolls for failure to pay dues and while no longer a member in good standing had been demanding the right to use the property. The phrase complained of was in the nature of a reason why the injunction was sought rather than a limitation upon the injunction prayed for in the petition.

Appellant next complains because appellee did not allege, in so many words,

that unless the injunction was issued it would suffer irreparable injury and that it did not have an adequate remedy at law. The allegations of the petition were sufficient to allege these facts, even though they were not alleged in so many words. This is all that is required. Acme Cement Plaster Co. v. American Cement Plaster Co., Tex.Civ.App., 167 S.W. 183; Fort Worth Stockyards Co. v. Brown, Tex.Civ. App., 161 S.W.2d 549.

The judgment is affirmed.